ANTHONY J. RUSCITO *v.* JOHN KIERSKY ET AL.
(2731)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs May 17—decision released August 27, 1985

*Jack L. Grogins* filed a brief for the appellant (plaintiff).

*A. Reynolds Gordon* filed a brief for the appellees (named defendant et al.).

PER CURIAM. The plaintiff has appealed from that portion of the judgment of the trial court rendered for certain defendants.

The plaintiff instituted this action against the named defendants claiming injunctive relief and damages with regard to the defendants' alleged interference with the plaintiff's use of a right of way. The defendants John Kiersky and Nancy Kiersky appeared and filed a counterclaim for injunctive relief and damages against the plaintiff.

After a full trial, the court found for the plaintiff against the defendants Eugene Sullivan and Diane Sullivan and enjoined those defendants from parking on the right of way and from disturbing or obstructing the plaintiff's right of passage. The court also found that the plaintiff's predecessor in title had abandoned a portion of the right of way.

In addition, the court found for the defendants John Kiersky and Nancy Kiersky on their second counterclaim and ordered, by way of injunctive relief, that the plaintiff be enjoined from parking cars in the easement area for more than a total of one hour a day and awarded these defendants $4500 in damages.

The plaintiff was also enjoined from interfering with the right of way of the defendants Eugene Sullivan and Diane Sullivan to the beach over the plaintiff's land.

The plaintiff claims that the trial court erred in concluding: (1) that the original grant of easement did not provide access to a dominant tenement known as "Twilight"; (2) that a portion of the original easement was abandoned by the plaintiff's predecessor in title; (3) that the plaintiff's grant of easement did not include parking rights; (4) that the plaintiff had not acquired a prescriptive right to park motor vehicles on the servient tenement "Shoales"; and (5) that the defendants John Kiersky and Nancy Kiersky were entitled to damages of $4500.

The trial court has fashioned a meticulously organized memorandum of decision in which it outlines in detail its factual findings and its conclusions of law. Each and every allegation of error pressed by the plaintiff, when analyzed within the context of the court's memorandum of decision, clearly indicates that the plaintiff's averments of error are without merit.

We have afforded each claim of error its appropriate scope of review and conclude that the judgment of the trial court should not be disturbed.

There is no error.